## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT/ARREST WARRANT

I, Erick X. Nuñez, Task Force Officer, Homeland Security Investigations (HSI), Hampton, Virginia, being duly sworn, state the following:

I am a Task Force Officer with Homeland Security Investigations (HSI), where I have been assigned since November 2020. I have been employed as a Law Enforcement Officer since 2016, spending time in the Narcotics Enforcement Unit, Gang Enforcement Unit, and High Impact Patrol. I have received specialized training regarding the detection and investigation of drug trafficking organizations while with the police department and the HSI. I have also acquired knowledge regarding these subject areas through practical experience by participating in narcotics investigations during my work with the police department and HSI.

I have probable cause to believe that **Jamar Shaheem BROWN** (hereafter referred to as **BROWN**), has committed the following offenses in violation of federal law: Possession of Cocaine and Methamphetamines with the Intent to Distribute, Title 21 U.S.C. § 841(a)(1), Possession of a Firearm by a Prohibited Person, Title 18 U.S.C. § 922(g)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Title 18 U.S.C. § 924(c).

## PROBABLE CAUSE IN SUPPORT OF ARREST WARRANT

In 2021, Members of the investigative team began investigating a Drug Trafficking Organization that involved **BROWN** and an address on Goldsboro Drive, in Hampton, Virginia. On Thursday, October 13, 2022, members of the investigate team responded to the Goldsboro Drive address in reference to locating **BROWN**, who had outstanding arrest warrants from Newport News, Virginia and Hampton, Virginia. **BROWN** was wanted from Newport News,

Virginia for a Felony Probation Violation and from Hampton, Virginia for Brandishing a Firearm and Possession of a Firearm by a Convicted Felon. **BROWN** was previously convicted of Felony Possession of Marijuana with the Intent to Distribute in 2013 and is prohibited from possessing a firearm. **BROWN** signed documents acknowledging his felony status and that he was not allowed to possess a firearm. **BROWN** has not had his firearm rights restored.

During surveillance, **BROWN** was observed leaving the Goldsboro Drive address. Members of the investigative team attempted to arrest **BROWN,** for his outstanding arrest warrants, but he fled on foot. **BROWN** was detained shortly thereafter. During a track of the pursuit and a search incident to arrest, members of the investigative team located approximately $48,955.00 in United States Currency, approximately 128 grams of suspected cocaine, approximately 237 grams of suspected heroin, approximately 144 grams of crystalline methamphetamine, over 100 of various prescription pills, approximately 72 grams of suspected "crack" cocaine, multiple cell phones, and a digital scale with suspected narcotics residue.

Members of the investigate team obtained and executed a state search warrant for the Goldsboro Drive address and **BROWN's** vehicle. Pursuant to these search warrants, the investigative team located approximately over 5000 grams of a substance that positively field tested to be methamphetamine, approximately 2000 grams of a substance that positively field tested to be cocaine, approximately 10 pounds of suspected marijuana, a kilogram press machine, mixing agents, cutting agents, packaging materials, and several digital scales with suspected narcotics residue.

Additionally, a Glock 23 .40 Caliber Handgun, a Glock 30 semi-automatic handgun, a Glock 43 semi-automatic 9mm handgun, and a Smith and Wesson M+P Shield semi-automatic

handgun were located in the residence. The Glock 23 Handgun was found to be stolen from York County, Virginia in July 2022 and the Glock 43 Handgun was found to be stolen from Newport News, Virginia in September 2022. All four firearms were preliminarily examined by a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and found that all four firearms were manufactured outside of the Commonwealth of Virginia. Therefore, **BROWN's** possession of those firearms affected Interstate Commerce.

In a Post-Miranda Interview, **BROWN** admitted to selling marijuana, heroin, cocaine, and methamphetamine. **BROWN** admitted ownership to items inside of the Goldsboro Drive residence, to include the marijuana, the kilogram press, packaging materials, digital scales, and other evidentiary items. **BROWN's** wallet and identification card was found inside of the residence.

Based on my training and experience, I know that individuals involved in the trafficking of narcotics are often armed with firearms. They possess these firearms to protect themselves, their narcotics and their money from other drug traffickers, and drug users. The firearms also serve to intimidate others. In this case the quantity of narcotics and the large amount of currency are emblematic of the items that need protecting.

This affidavit contains only enough information to establish probable cause and does not contain all the facts or information known to members of the investigative team.

WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge **Jamar Shaheem BROWN** has committed the following offenses in violation of federal law: Possession of Cocaine and Methamphetamine with the Intent to Distribute, Title 21 U.S.C. § 841(a)(1); Possession of a Firearm by a Prohibited Person, Title 18 U.S.C. § 922(g)(1); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Title 18 U.S.C. § 924(c).

FURTHER YOUR AFFIANT SAYETH NOT.

Erick X. Nuñez, Task Force Officer
Homeland Security Investigations

Reviewed by:

Eric M. Hurt
Assistant United States Attorney

Sworn and subscribed to
before me on this
31st day of October 2022

Robert J. Krask
United States Magistrate Judge
Norfolk, Virginia